F-1049

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| USA SATELLITE & CABLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:14-cv-10259 |
| | ) | |
| | ) | |
| LEGACY HEALTHCARE FINANCIAL SERVICES, | ) | |
| LLC.; ASTORIA PLACE LIVING & | ) | |
| REHABILITATION CENTER, LLC.; | ) | |
| THE GROVE OF EVANSTON, LLC.; LAKEFRONT | ) | |
| NURSING & REHABILITATION CENTER, LLC; | ) | |
| PETERSON PARK HEALTH CARE REALTY, LLC; | ) | |
| THE GROVE AT LINCOLN PARK LIVING & | ) | |
| REHAB CENTER, LLC; ELM BROOK HEALTH | ) | |
| CARE AND REHABILITATION CENTRE, LLC; | ) | |
| THE GROVE NORTH LIVING & REHAB | ) | |
| CENTER, LLC; THE GROVE OF LAGRANGE | ) | |
| PARK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CASCO BAY HOLDINGS, LLC | ) | |
| | ) | |
| Lienor | ) | |

**MOTION FOR INTERPLEADER**

Now come the Defendants, Legacy healthcare Financial Services, LLC., et al., by and

through their attorneys, Ashman & Stein, and move the Court to allow interpleader of funds,

pursuant to 28 U.S.C. §1335, in order that the interest(s), if any, of Lienor Casco Bay Holdings,

LLC ("Casco") and/or Plaintiff USA Satellite & Cable, Inc. ("USA") be determined.  In support,

1

Defendants state:

**BACKGROUND**

1.      Plaintiff, USA Satellite & Cable, Inc. sued Defendants, a group of nursing home facilities, over the provision of satellite television services in the Circuit Court of Cook County, Illinois (11 CH 37298). USA also sued other nursing home groups on similar grounds in at least four (4) other cases in Cook County, Illinois (12 L 2681, 11 CH 37292, 11 CH 37302 and 11 CH 37301).

2.      On December 4, 2014, Defendants and USA agreed to settle the Legacy Healthcare case for a total sum of $34,000 (eight defendants, $4,250 each). An Order was thereupon entered, reflecting the terms of the settlement and reserving the Circuit Court's power and jurisdiction to enforce said settlement (Exhibit 1). Two of the other USA cases have also been settled.

3.      On November 8, 2014, attorneys for Plaintiff and Defendants both received a letter from W. James MacNaughton, attorney at law, advising of his representation of Casco and asserting a lien interest over all funds otherwise payable to USA (Exhibit 2). Casco has asserted a lien right on the settlement proceeds by virtue of a federal judgment lien and a UCC filing. The letter referenced a UCC Financing Statement and supporting documents filed with the Illinois Secretary of State describing Casco's purported lien interest.

4.      According to the terms of the aforesaid UCC Financing Statement and supporting documentation, which includes an underlying settlement agreement between USA on the one hand, and Russia Media Group, LLC ("RMG"), Casco's predecessor in interest, on the other (Group Exhibit 3), Casco's purported lien interest is applicable to:

2

**"All accounts receivable and contract rights of Debtors (of which, USA is a named Debtor); all chattel paper and instruments evidencing any obligation to Debtors for payment for goods sold or leased or services rendered; all interest of Debtors in any goods the sale or lease of which shall have given or shall give rise to, and in all guaranties and other property securing the payment of or performance under, any accounts receivable, contract rights or any chattel paper or instruments; and all proceeds of any of the above as more specifically set forth in the Settlement Agreement and Release dated April 28, 2011 between Russian Media Group, LLC and Debtors and as assigned to Casco Bay Holdings, LLC by Assignment dated August 1, 2014."**

5.      The lien interest is based on a settlement agreement between USA Satellite & Cable, Inc. on the one hand, and RMG on the other. RMG has since assigned its interest to Casco (Exhibit 4). The settlement proceeds in this case fall within the ambit of Casco's aforesaid UCC Financial Statement and, accordingly, Casco has a colorable claim thereto.

6.      Paragraph 2 of the Settlement Agreement called for USA Satellite & Cable, Inc. to have made payments of totaling $261,374.76 through March of 2012.

7.      Paragraph 6 of the Settlement Agreement provided for the entry of a Stipulated Judgment of $286,374.76 against USA in Case No. 06 cv 3578, which was then pending in the United States District Court for the Northern District of Illinois (the "Federal Case"), and that RMG was entitled to enforce same in the event that USA breached its agreement to make the aforesaid periodic payments. A copy of said Stipulated Judgment is attached hereto as Exhibit 5.

8.      Casco claims that USA breached the Settlement Agreement and that it is owed at least $120,000 pursuant to a failure to make periodic payments under Paragraph 2 thereof.

9.       Additionally, Casco claims $145,000 as the balance of the Stipulated Judgment entered in the Federal Case, plus interest, attorney fees and other costs incident to enforcement.

10.    The amounts claimed by Casco far exceed the sum of the settlement between USA and the Extended Care Defendants.  Attached as Exhibit 6 is a letter received from Casco's attorney, W. James MacNaughton, describing and itemizing the claim of Casco to the settlement proceeds herein.

11.    By virtue of Casco's UCC Financing Statement and the Stipulated Judgment in the Federal Case, the Defendants act at their peril if they pay any settlement funds to USA in disregard of Casco's purported lien claims. Conversely, in light of USA's claim to the settlement funds, the Defendants act at their peril if they pay Casco the settlement funds.

12.    Defendants filed an interpleader action in Circuit Court seeking to deposit the settlement proceeds with the Clerk there, and asking that the Circuit Court determine the competing claims of USA and Casco to the funds. After said state interpleader were filed, but before decision thereon, Casco removed the action to the Northern District of Illinois.  (See Notice of Removal filed herein).

**BASIS OF INSTANT INTERPLEADER**

13.    As  mere stakeholders , Defendants have taken no position on whether USA owes the funds to Casco, thereby entitling Casco to the settlement funds, or whether Defendants are obligated to pay the funds to USA.

14.    The purpose of an interpleader action is to protect a stakeholder from incurring expenses associated with double litigation and to protect it from facing the risk of double liability.  Statutory interpleader allows a stakeholder to sue all those parties who are or might assert claims to a common fund or property held by the stakeholder, and lets the claimants litigate about which party is entitled to the assets. *Union Cent. Life Ins. Co. v. Hamilton Steel*

4

*Prods., Inc.*, 448 F.2d 501, 504 (7th Cir.1971), *Aaron v. Merrill Lynch Pierce, Fenner & Smith*

502 F.Supp.2d 804, N.D.Ind.,2007.

      15.    This Court has jurisdiction over the dispute because there is diversity of citizenship

between USA and Casco, and the amount of the contested funds exceeds $500.00 as required by

28 U.S.C. §1335 (a)(1).  Defendants stand ready to deposit said funds into Court pursuant to 28

U.S.C. §1335 (a)(2) and abide by the judgment of the court.

      16.    Casco, through its attorney, has stipulated that it shall honor the settlement

reached between USA and Defendant stakeholders and shall release Defendants from further

liability upon filing of the instant Motion to Interplead (Exhibit 7).


      WHEREFORE, Defendants seek the following relief:

    That this Court grant the instant motion and direct the Defendants to deposit the settlement

funds with the Court, or for whatever relief this Honorable Court deems appropriate.


          By: s/Richard M. Jacobson
          One of the Attorneys for Defendants


CERTIFICATE OF SERVICE

    By electronic signature below, the undersigned certifies that on January 14, 2015,
Defendant's Motion for Interpleader was electronically filed with the Clerk of Court, which
caused a copy to be served on all counsel of record.

          /s/ Richard M. Jacobson


Richard M. Jacobson
(Rjacobson@ashmanstein.com)
ASHMAN & STEIN
150 North Wacker Drive

Suite 3000
Chicago, Illinois 60606
312-782-3484
FAX: 312-782-4279

\\ATTORNEY1-PC\Users\Public\Documents\SharedDocuments\USA v Rachenbach, et al 11 ch 37298, F1049\MOTION TO INTERPLEAD-FEDERAL- Legacy.wpd

6